UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cr-00167-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COLLINS ARCELL SULLIVAN, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion to Suppress (Doc. No. 12), the Magistrate Judge's Memorandum and Recommendation ("M & R") (Doc. No. 22) recommending Defendant's motion be denied, and Defendant's Objection to the Memorandum and Recommendation (Doc. No. 23). Defendant seeks review of the Magistrate Judge's Memorandum and Recommendation regarding Defendant's Motion to Suppress Evidence.

For the reasons that follow, Defendant's Objections to the Memorandum and Recommendation are OVERRULED, the Magistrate Judge's Memorandum and Recommendation is AFFIRMED and ADOPTED, and Defendant's Motion to Suppress is DENIED.

**I.  STANDARD OF REVIEW**

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). See Fed. R. Crim. P. 59(b)(1). A party may file written objections to magistrate judge's memorandum and recommendation within fourteen days of being served with a copy of the memorandum and recommendation. 28 U.S.C § 636(b)(1). "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.'" Morgan v.

1

N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to.") (quotation omitted). "Frivolous, conclusive or general objections need not be considered by the district court." Battle, 834 F.2d at 421 (quotation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Thus, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id.; see also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966 at *3 (D.S.C. Dec. 5, 2005) (noting a petitioner's objections to a magistrate judge's report "on the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result not only in the loss of de novo review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). If proper objections are made, a district court will review the objections under a de novo standard. 28 U.S.C. § 636(b)(1). Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## II. BACKGROUND

Defendant was charged in a one-count indictment on May 20, 2020. See (Doc. No. 1). Count One charged Defendant with Possession of Firearm by Convicted Felon 18 U.S.C. 922(g)(1). Id. at p. 1.

On August 12, 2020, Defendant filed his original "Motion To Suppress…" (Document No. 12). On August 24, 2020, the Government filed its "Government's Response To Defendant's Motion To Suppress..." (Document No. 15). The Magistrate Judge filed his Memorandum and Recommendation on January 26, 2021. Finally, Defendant filed his "Defendant's Objections to…" on February 9, 2021. The Court has carefully reviewed the record and has decided as follows.

## III. DISCUSSION

At the outset, the Court notes that Defendant's Objections to Memorandum and Recommendation appears to largely be the same— verbatim in some places—as his initial Motion to Suppress. Compare (Doc. No. 23) with (Doc. No. 12). All of Defendant's objections challenge the Memorandum and Recommendation's factual and legal findings.[1] As such, it is difficult for this Court to glean the specific findings of the Memorandum and Recommendation to which Defendant objects beyond a general objection to the factual and legal findings of fact by the Magistrate Judge. See Generally (Doc. No. 23).

Defendant objects to the Magistrate Judge's factual and legal findings that law enforcement officers had reasonable suspicion to detain and frisk him. (See Doc. No. 23, objections I and III). Additionally, Defendant objects to the Magistrate Judge's findings and inclusion of evidence from

---

[1] The Court finds that each objection is just a general objection that merely restates the arguments previously presented — whether that be an objection to the reasonable suspicion, totality of the circumstances, or the de facto arrest conclusion.

the traffic stop in his totality of the circumstances determination. See (id., objection II). Finally, Defendant objects to the Memorandum and Recommendation's determination that law enforcement officers' actions did not amount to a de facto arrest. See (id., objection IV). Accordingly, this Court will conduct clear error review of the Magistrate Judge's factual and legal findings of law.

### A. Clear Error Review

As noted above, only *specific* objections raised in Defendant's Objections to Magistrate Judge's Memorandum and Recommendation are reviewed *de novo*. See (Doc. No. 23). Therefore, the Magistrate Judge's conclusions—that Officers lawfully detained and Terry-frisked the Defendant based on the totality of the circumstances, and Defendant's voluntary admission of his possession of drugs provided the probable cause for Defendant's arrest and further search of Defendant's person incident to that arrest—are reviewed for clear error. Having closely reviewed the Memorandum and Recommendation, the Court finds no clear error. Accordingly, this Court AFFIRMS the Magistrate Judge's Memorandum and Recommendation.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Magistrate Judge's Memorandum and Recommendation (Doc. No. 22) is AFFIRMED, Defendant's Objection to the Memorandum and Recommendation (Doc. No. 23) is OVERRULED, and Defendant's Motion to Suppress (Doc. No. 12) is DENIED.

IT IS SO ORDERED.  Signed: May 17, 2021

Frank D. Whitney
United States District Judge