UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CR-00167-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) **ORDER** |
| COLLINS ARCELL SULLIVAN, | )<br>)<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the Court on a limited order of remand from the United States Court of Appeals for the Fourth Circuit. (Doc. No. 69.) The Fourth Circuit directed this Court "to determine whether [Defendant Collins Arcell] Sullivan's plea was knowing and voluntary." (Id., p. 3.) The Court held an evidentiary hearing on February 20, 2024, to determine whether Defendant's plea of guilty in this case was made knowingly, intelligently, and voluntarily. At the hearing, Defendant waived his right to remain silent and testified to this question on direct and cross examination. The Court also heard the proffer of counsel. After hearing the evidence and testimony at the hearing and reviewing the record, the Court makes the following findings of fact:

1. On August 12, 2020, Defendant filed a motion to suppress. (Doc. No. 12.)

2. On May 17, 2021, this Court denied Defendant's motion to suppress, affirming the Magistrate Judge's Memorandum and Recommendation. (Doc. No. 28.)

3. After the Court denied his motion to suppress, Defendant pled guilty without a plea agreement to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Minute Entry, May 28, 2021.)

4. The Magistrate Judge conducted Defendant's plea hearing. (Doc. No. 56.)

5. Defendant's counsel, who represented him at the plea hearing and during this Court's evidentiary hearing, advised him that he would be able to appeal the Court's denial of his motion to suppress after entering his guilty plea.

6. At Defendant's plea hearing, the Magistrate Judge told Defendant the fact that he was pleading guilty without a plea agreement meant he was preserving his appellate rights. (Doc. No. 56, pp. 10–11.)

7. When he pled guilty, Defendant believed—based on the representations of counsel and the Magistrate Judge—that he was reserving his right to appeal the Court's decision denying his motion to suppress.

8. Defendant would not have entered his guilty plea if he understood that he was waiving his right to appeal the Court's denial of his motion to suppress.

9. Defendant did not understand the relevant circumstances and likely consequences of his guilty plea.

10. Defendant's plea was not knowingly, intelligently, and voluntarily made.

Having complied with the Fourth Circuit's limited order of remand, the Court directs the Clerk to certify and deliver a copy of this Order to the parties, the United States Marshal Service, the United States Probation Office, and the Clerk of Court for the United States Court of Appeals for the Fourth Circuit.

**IT IS SO ORDERED.**

Signed: February 27, 2024

_____
Frank D. Whitney
United States District Judge